1

2

3                                                              O

4

5                                                    JS - 6

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   IN RE ERMA LEE MARSHALL      )   Case No. EDCV 11-00146 DDP
     ERMA LEE MARSHALL; JAMES     )
12   MARSHALL; MT. ZION           )   ORDER AFFIRMING BANKRUPTCY COURT
     MISSIONARY BAPTIST CHURCH OF )
13   SAN BERNARDINO,              )
                                  )   [US Bankruptcy Court,
14               Plaintiffs,      )   6:10-48795 CB]
                                  )
15        v.                      )
                                  )
16   DAN Z. BOCHNER,              )
                                  )
17               Defendant.       )
     _____)

18

19   **I. Background**

20        Erma Marshall has filed for bankruptcy.  <u>In re Erma Lee</u>

21   <u>Marshall</u>, Case No. 10-48795.  Erma Marshall and Greta Curtis, who

22   is Ms. Marshall's attorney,  have appealed two bankruptcy orders

23   from two cases.  (<u>See generally</u> 11-137, Appellants' Opening brief,

24   Docket No. 14.)[1]  The first case is <u>In re: Erma Lee Marshall</u>, which

25   had the adversary case number 10-1710 ("the 10-1710 case") in

26

27   <span style="background-color: yellow">cc: US Bankruptcy Court & US Trustee's Office</span>

28   _____

         [1]Appellants filed the same brief in both appeals (Case Nos. CV 11-137 and
     11-146) before this Court.

1  bankruptcy proceedings, and the second was <u>In re: Erma Lee</u>
2  <u>Marshall</u>, which had the bankruptcy adversary case number 10-1711
3  ("the 10-1711 case").  On December 21, 2010, the Bankruptcy Court
4  heard appellee Dan Z. Bochner's  Motions to Remand and for Attorney
5  Fees in both cases.  (11-137, AER Ex. H.)[2]  On appeal, the district
6  court case number for the 10-1710 case is 11-137, and the district
7  court case number for the 10-1711 case is 11-146.

8       The 10-1710 case involved an unlawful detainer action that was
9  filed in state court by appellee Dan Z. Bochner against Mt. Zion
10 Missionary Baptist Church.  (<u>See generally</u> 11-137, AER Ex. B.)  Ms.
11 Marshall was a non-party to this suit.  (<u>See</u> <u>id.</u>; <u>see generally</u> <u>id.</u>
12 Ex. H.)  However, a lien on Ms. Marshall's home served as
13 collateral for a loan that Mr. Bochner gave to Mt. Zion–a loan that
14 was allegedly in default.  (<u>Id.</u>)  The 10-1710 case was "on the eve
15 of trial" when Ms. Marshall removed the case to bankruptcy court.
16 (AER, Ex. H at 157:22.)  The Bankruptcy Court remanded the 10-1710
17 case and ordered Ms. Curtis, who served as Ms. Marshall's attorney,
18 to pay attorney's fees to Mr. Bochner in the amount of $1,945.
19 (<u>See generally</u> 11-137, AER Ex. A.)  A verdict has since been
20 rendered in Appellants favor in this case.  (<u>See generally</u> 11-137,
21 Request for Judicial Notice, Exs. A and B, Docket No. 17.)  The 10-
22 1711 case involved various claims and cross claims related to Mr.
23 Bochner's loan to the church, the foreclosure on it, and the lien
24 against Ms. Marshall's property.  (<u>See generally</u> 11-146 AER Ex. B.)
25 The Bankruptcy Court remanded this case, as well, and emphasized
26
27 ─────────────

28      [2]Citations to the record will first cite the relevant district court case.
   The same transcript applies the hearings in both motions.

1  that "all claims alleged in the complaints and cross-complaints are

2  solely state law claims . . ." (Id. Ex. A at 2:2-3.)

3  **II. <u>Analysis</u>**

4      The order granting remand in the 10-1710 case is silent about

5  the grounds for doing so. (<u>See generally</u> 11-137 AER Ex. A.) The

6  order granting remand in 10-1711 mentions 28 U.S.C. § 1452(b),

7  which permits a bankruptcy court to remand a case on "any equitable

8  grounds," as a grounds for remand. (11-146, Ex. A at 3:8-11.) The

9  Court construes the remand in 10-1710 to also be on equitable

10  remand grounds.

11      Although the order in 10-1710 does not explain why remand was

12  granted, the transcript from the hearing offers some clues. (<u>See</u>

13  <u>generally</u> 11-137, AER Ex. H.) The Bankruptcy Court at several

14  times discusses how mandatory abstention precluded it from

15  exercising jurisdiction over the case. (<u>Id.</u> at 157:19-25, 158:11-

16  17, 160:20-23.) Mandatory abstention, though, would not apply in

17  this case, because the case was removed from state court, and,

18  therefore, there was no pending state court action. <u>Hendricks v.</u>

19  <u>Detroit Diesel Corp.</u>, No. C-09-3939 EMC, 2009 WL 4282812, at *7

20  (N.D. Cal. Nov. 25, 2009) (holding that "mandatory abstention does

21  not apply to removed cases because there is no parallel court

22  proceeding") (citing <u>Schulman v. California (In re Lazar)</u>, 237 F.3d

23  967, 981-82 (9th Cir. 2001). When bankruptcy courts make a

24  mandatory abstention decision in the incorrect context, as is the

25  case here, reviewing courts may treat the decision as one

26  pertaining to equitable remand under 28 U.S.C. § 1452(b). <u>Sec.</u>

27  <u>Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen &</u>

28  <u>Helpers</u>, 124 F.3d 999, 1010 (9th Cir. 1997) ("[W]e treat the denial

1  of abstention in this case as a decision not to remand . . .

2  [pursuant to] 28 U.S.C. § 1452(b).").  In deciding whether to apply

3  equitable remand, a court will consider the following factors:

4              whether remand would prevent uneconomical use of
               judicial resources, what effect remand would have on
5              the administration of the bankruptcy estate, whether
               the case involves questions of state law better
6              addressed by state court, comity, prejudice to
               involuntarily removed parties, whether remand will
7              lessen the possibility of inconsistent results, and
               the expertise of the court in which the action
8              originated.

9  <u>Doss v. Chrysler Group, LLC</u>, No. CV-09-02130-PHX-DGC, 2009 WL

10 4730932, at *4 (D. Ariz. Dec. 7, 2009).  The issues pertaining to

11 equitable remand were present in the Bankruptcy Court's discussion

12 of mandatory abstention:

13
               There's a mandatory abstention on my part. These cases
14             involve parties that are not the Debtor.  They are
               third parties. They are state law matters.  It was
15             filed on the eve of trial. It looks -- it has all the
               indications of being an attempt to delay a creditor.
16             This is not the proper use of bankruptcy.

17 (AER Ex. H at 157:19-25.)

18     Section 1452(b) "is an unusually broad grant of authority,"

19 and remands granted pursuant to this statute are reviewed on an

20 abuse of discretion standard.  <u>In re McCarthy</u>, 230 B.R. 414, 417

21 (B.A.P. 9th Cir. 1999).  Here, it cannot be said that the

22 Bankruptcy Court abused its discretion.  Both cases exclusively

23 involved state law claims.  Moreover, the 10-1710 case was on the

24 eve of trial when it was removed.  Appellants do not address such

25 concerns in their brief.  For these reasons the Bankruptcy Court's

26 ///

27 ///

28

4

1   orders granting remand are AFFIRMED.[3]  This was a clear case for

2   equitable remand, so the attorneys fees awarded in 10-1710 are also

3   AFFIRMED.[4]

4

5

6

7

8   IT IS SO ORDERED.

9

10

11  Dated: July 30, 2013

12                                  DEAN D. PREGERSON
                                    United States District Judge

13  _____

14      [3]Appellants contend that the Bankruptcy Court improperly referred to
    other-related proceedings in making its decision. (11-137, Appellants' Opening
15  Brief at 10-11.)  However, the Bankruptcy Court merely took judicial notice of
    other-related actions.  (11-146, AER Ex. A at 2:18-28.)  Regardless, Appellants'
16  claim that they suffered prejudice as a result fails.  Despite Appellants'
    contention, the order in the 10-1711 case shows the Bankruptcy Court was aware
17  the Ms. Marshall had filed cross-claims.  (11-146, AER Ex. A at 2:10-17.)

18      [4]Appellee seems to suggest that the 10-1710 case was dismissed pursuant to
    subject matter jurisdiction grounds.  As discussed, the Bankruptcy Court's order
19  regarding remand is silent on its grounds for doing so.  (11-137, AER Ex. A at
    4-8.)  As also stated, the transcript is replete with references to mandatory
20  abstention, which, when applied in the incorrect context, may be interpreted as
    a granting of equitable remand.  Additionally, in light of Appellant's own
21  bankruptcy action, the Bankruptcy Court's "related to" jurisdiction suggests
    that jurisdiction might have properly been exercised over the unlawful detainer
22  action.  In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) ("The usual articulation
    of the test for determining whether a civil proceeding is related to bankruptcy
23  is whether the outcome of the proceeding could conceivably have any effect on
    the estate being administered in bankruptcy.") (quoting Pacor, Inc. v. Higgins,
24  743 F.2d 984, 994 (3d Cir.1984) (emphasis in original); see also Bankruptcy Law
    Manual § 2:9 (5th ed. 2012) ("Celotex demonstrates, the related to jurisdiction
25  of the bankruptcy court is exceptionally broad. For example, it makes no
    difference whether the debtor is a party to the proceeding; disputes between
26  nondebtor third parties can be related to the bankruptcy case if they meet the
    circuit's articulated test for related to jurisdiction, such as, for example,
27  where the outcome of the dispute could create an indemnification claim against
    the debtor.  A suit may be related to a bankruptcy case even though it does not
28  involve debtor's property.") (citing numerous cases).

5